**Val G. DILLE and Jack A. Seeley, Third–Party Plaintiffs–Appellants,**

v.

**DOERR DISTRIBUTING CO., an Idaho Corporation, Thomas P. Doerr, Jr., and Thomas P. Doerr, Sr., Third–Party Defendants–Respondents.**

No. 20059.

Court of Appeals of Idaho.

Dec. 23, 1993.

Petition for Review Denied Feb. 7, 1994.

---

124

Cosho, Humphrey, Greener and Welsh, P.A., Boise, and Redford and Morgan, Caldwell, for appellants. David Penny, argued.

Manweiler, Bevis and Cameron, Boise, for respondents. Alan Cameron, argued.

REINHARDT, Judge, pro tem.

This is an appeal from the Third Judicial District of the State of Idaho. The trial court held that respondent, Thomas P. Doerr, Sr. ("Doerr, Sr.") signed a settlement agreement only in his capacity as president of a corporation and therefore did not incur personal liability on the underlying obligation of the agreement. We affirm.

### FACTS

In June of 1985, Val Dille, Jack Seeley and Clyde Crandall owned shares of common stock in Bass Hawg Baits, Inc. ("Bass Hawg"), an Idaho corporation. In January 1984 and 1985, Bass Hawg delivered to Idaho First National Bank a promissory note for $10,000 due on or before January 9, 1986 and another for $20,000 due on or before January 23, 1988. In January 1985, Val Dille and Jack Seeley executed personal guarantees on the notes.

In June of 1985, Doerr Distributing Co. and Thomas Doerr, Jr. ("Doerr, Jr."), as buyers, and Dille, Seeley, and Crandall, as sellers, entered into an agreement for the sale of Bass Hawg. Doerr Distributing and Doerr, Jr. agreed to "replace" Dille and Seeley as guarantors of the two Idaho First National Bank loans to Bass Hawg and to indemnify Dille and Seeley against liability to

the bank. Dille, Crandall and Dille, Crandall and Company, P.A., later brought suit against Doerr Distributing and Doerr, Jr. to recover damages for breach of the agreement. Doerr, Sr. was not a party to that lawsuit. In that action, the district court granted summary judgment to the plaintiffs, awarding damages against Doerr Distributing and Doerr, Jr. One of the issues resolved by the summary judgment was that Doerr, Jr. had obligated Doerr Distributing on the contract by his signature as an officer, without Doerr, Sr.'s signature also being required on behalf of Doerr Distributing.

Defendants Doerr Distributing and Doerr, Jr. appealed the trial court judgment. However, in 1988, while the appeal was pending, the parties entered into a settlement agreement. The agreement provided that Dille and Seeley would be indemnified against claims of Idaho First National Bank and provided for dismissal of the appeal. The settlement agreement, which bears the signatures of Dille, Crandall, Seeley, Doerr, Jr. and Doerr, Sr., is the subject matter of this lawsuit.

Upon default by Bass Hawg, the bank sued Dille and Seeley to collect on the notes that they personally guaranteed. Dille and Seeley, in turn, filed a third-party complaint against Doerr Distributing, Doerr, Jr., and Doerr, Sr., seeking indemnity pursuant to the terms of the settlement agreement. Judgment was taken against Doerr Distributing and Doerr, Jr. However, Doerr, Sr. defended on grounds that he was not a party to the 1988 settlement agreement, and, therefore, was not obligated to indemnify Dille and Seeley. Doerr, Sr. argued that he signed the 1988 settlement agreement only in his capacity as corporate president of Doerr Distributing, and that he incurred no individual liability under the agreement.

Before trial, the plaintiffs moved for summary judgment, arguing that the settlement agreement was not ambiguous and that Doerr, Sr. was individually bound. The district court denied the motion, finding the settlement agreement to be ambiguous as to whether Doerr, Sr. was individually a party to the agreement or whether he signed it only on behalf of, and in his capacity as president of, Doerr Distributing.

After trial, the district court found that the evidence did not preponderate in favor of the plaintiffs' claim that Doerr, Sr. intended to, or did in fact, sign the agreement in any capacity other than as corporate president of Doerr Distributing. The court found that Doerr, Sr. signed the agreement as president of Doerr Distributing and that he was entitled to judgment in his favor on Dille and Seeley's third-party complaint. This appeal followed.

## ISSUES PRESENTED ON APPEAL

Two issues are presented on appeal:

1) Did the trial court err in finding the settlement agreement ambiguous as to the capacity in which Doerr, Sr. signed said agreement?

2) Did the trial court err in concluding the evidence did not establish that Doerr, Sr. was personally liable for the indemnification of Val Dille and Jack Seeley?

## ANALYSIS

In construing a contract, the court's objective is to ascertain and give effect to the intent of the parties. *George v. University of Idaho,* 121 Idaho 30, 35, 822 P.2d 549, 554 (Ct.App.1991). If the contract is clear and unambiguous, the court gives effect to the language employed according to its ordinary meaning. *International Engineering Company, Inc. v. Daum Industries, Inc.,* 102 Idaho 363, 365, 630 P.2d 155, 157 (1981). If the contract is ambiguous, its interpretation becomes a question of fact, and extrinsic evidence may be considered by the trier of fact to discern the true intent of the contracting parties. *Id.; Bergkamp v. Carrico,* 101 Idaho 365, 367, 613 P.2d 376, 378 (1980).

Whether a contract is ambiguous is a question of law, and this court is not bound by the decision of the trial court, but is free to draw its own conclusions from the evidence. *Clark v. St. Paul Property and Liability Insurance Companies,* 102 Idaho 756, 757, 639 P.2d 454, 455 (1981). If the contract is found to be ambiguous, its interpretation is a question of fact, and the decision of the

trier of fact will not be reversed if there is substantial evidence to sustain the verdict. *Clark, supra.* Hence, we are free to draw our own conclusions as to whether the contract is ambiguous.

Dille and Seeley argue that the trial court erred in finding the settlement agreement to be ambiguous. They contend that it clearly and unambiguously provided that Doerr, Sr. was a party, and that Doerr, Sr. signed it in his individual capacity.

■ "A contract is ambiguous if it is reasonably subject to conflicting interpretations." *Murr v. Selag Corporation,* 113 Idaho 773, 781, 747 P.2d 1302, 1310 (Ct.App. 1987), citing *Rutter v. McLaughlin,* 101 Idaho 292, 293, 612 P.2d 135, 136 (1980). The court must construe the contract as a whole and consider it in its entirety to determine whether it is subject to conflicting interpretations. *Murr, supra,* citing *Beal v. Mars Larsen Ranch Corporation,* 99 Idaho 662, 586 P.2d 1378 (1978).

There are several portions of the settlement agreement that are pertinent to this inquiry:

1. The first paragraph of the contract identifies the parties as follows:

THIS AGREEMENT, made by and between Doerr Distributing Co., an Idaho corporation, and THOMAS P. DOERR, JR. and THOMAS S. DOERR, SR., parties of the first part, and DILLE, CRANDALL & COMPANY, P.A. and VAL G. DILLE, CLYDE B. CRANDALL and JACK A. SEELEY, the parties of the second part.

2. The recitals section of the agreement includes the following clauses:

Whereas, Thomas P. Doerr, Sr. has an interest in this litigation and his ownership of stock in Doerr Distributing Co.; and

Whereas, the parties of the first part have appealed the decision of the district judge on granting summary judgment.

3. The signature block for the "parties of the first part" was as follows:

DOERR DISTRIBUTING CO.

By /s/Thomas S. Doerr

Thomas S. Doerr, Sr.

By /s/Thomas P. Doerr

Thomas P. Doerr, Jr.

PARTIES OF THE FIRST PART

4. The acknowledgment of Doerr, Sr.'s signature states in pertinent part:

On this 25th day of October, 1988, before me the undersigned Notary Public, personally appeared Thomas S. Doerr, Sr., known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same.

■ Dille and Seeley contend that the contract clearly and unambiguously designates Doerr, Sr. as a party in his individual capacity because the first paragraph names him as a "party of the first part." They argue that if the parties intended Doerr, Jr. and Doerr Distributing to be the sole indemnifying parties, then adding the name of Doerr, Sr. to the settlement agreement as "party of the first part," would have been superfluous. We would agree if we were evaluating that paragraph of the agreement in isolation. As noted above, however, we must consider the contract as a whole, and other clauses in the contract raise questions as to whether Doerr, Sr. was a party in his individual capacity.

First, Doerr, Sr. was *not* a party to the appeal brought in the first case. Therefore, the recital that "the parties of the first part have appealed the decision of the District Judge on granting summary judgment," indicates confusion as to who are the "parties of the first part."

Second, the signature block is ambiguous. In one respect, the line for Doerr, Sr.'s signature indicates that he is signing in his individual capacity, for it does not include any designation as a corporate officer. However, the placement of his signature line directly below the name of Doerr Distributing Co., the word "By" preceding his signature line and the fact that there is no other signature line expressly for the corporation, all suggest that he was signing on behalf of the corporation.

Third, the settlement agreement included sections for acknowledgement of the signatures of both the corporation and Doerr, Sr.

individually. The notary executed only the acknowledgement for Doerr, Sr. individually, leaving doubt as to who signed for the corporation which, all agree, was definitely a party to the contract.

For these reasons, we conclude that the contract is ambiguous as to the capacity in which Doerr, Sr. signed. Accordingly, we affirm the trial court's decision in this regard.

 We next must review the trial court's finding after trial that Doerr, Sr., was not a party to the agreement. Interpreting ambiguous contracts is a question of fact. *Murr*, 113 Idaho at 781, 747 P.2d at 1310. This Court will not weigh the evidence when reviewing a finding of fact. Rather, we inquire whether the finding is supported by substantial, albeit conflicting, evidence in the record. If it is so supported, the findings cannot be deemed clearly erroneous. *Knowlton v. Mudd*, 116 Idaho 262, 264, 775 P.2d 154, 156 (Ct.App.1989). Accordingly, we must consider whether there was substantial evidence presented at trial to sustain the trial court's finding that Doerr, Sr. signed the settlement agreement solely in his capacity as corporate president.

We conclude that there was substantial, albeit controverted, evidence supporting the trial court's finding. At trial, Doerr, Sr. testified that he was the head of Doerr Distributing Co. and was making all decisions with regard to the initial appeal. He testified that he had no intention of obligating himself personally on the settlement agreement, and that he would not have signed the settlement agreement had he understood the agreement to create personal liability. Doerr, Sr. testified that if he had felt that a provision in the document obligated him personally in any way he would have stricken it at that time. Testimony further indicated that the attorneys for the two sides in negotiating the settlement agreement, never discussed with one another the question of Doerr, Sr.'s personal liability.

There is much contrary testimony that Dille and Seeley believed and intended Doerr, Sr. to be personally a party to and obligated on the settlement agreement. However, it is not the role of this Court on appeal to reweigh the evidence heard by the trial court. Because substantial evidence supports the trial court's determination, the decision below is affirmed.

### CONCLUSION

For the reasons explained above, we affirm the trial court's judgment in favor of Thomas Doerr, Sr. Costs on appeal are awarded to respondents; no attorney fees are awarded on appeal.

LANSING and PERRY, JJ., concur.