25 P.3d 76

C & G, INC., and Martin C. Galvin,
Plaintiffs–Appellants–Cross
Respondents,

v.

Daniel P. RULE and Marjorie N. Rule,
Husband and Wife, Defendants–
Respondents,

and

Union Pacific Railroad Company, a Utah
Corporation, Defendant–Respondent–
Cross Appellant.

No. 25600.

Supreme Court of Idaho.
Boise, December 2000 Term.

May 2, 2001.
Rehearing Denied June 18, 2001.

Matt J. Howard, Boise, argued for appellants.

Hawley, Troxell, Ennis & Hawley, Boise; and Eismann Law Offices, Nampa, for respondents Rules. Stephen C. Hardesty argued.

Jim Jones & Associates, Boise, for respondent Union Pacific Railroad. Jim Jones argued.

WALTERS, Justice.

This is an appeal from the district court's summary judgment quieting title to two parcels of land in Respondents Union Pacific Railroad and Daniel and Marjorie Rule. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On November 27, 1899, George Thomas, who was the great uncle of appellant Martin Galvin, conveyed a parcel of real property near Middleton, Idaho to the Idaho Northern Railway Company. The original of the deed, containing a cover sheet entitled "Right of Way Deed," was recorded with the Canyon County Recorder on May 9, 1901.

Later, on January 30, 1900, S.F. Chaney, who was Galvin's great grandfather, also conveyed a nearby parcel of property to Idaho Northern. Like the Thomas deed, the Chaney deed also contains the caption "Right of Way Deed" on the cover sheet. This deed was recorded with the Canyon County Recorder on April 7, 1902.

Galvin and his family inherited the farms owned by Thomas and Chaney and have farmed the land (not including the parcels conveyed to the railroad) through their small corporation, C & G, Inc., since the 1940's. Union Pacific Railroad is the successor and assignee of Idaho Northern as to both of these conveyed parcels. Union Pacific maintained rail operations across the parcels until 1996, when it abandoned the railroad line. Galvin and C & G Inc. made some attempt to purchase the properties, but on December 3, 1997, Union Pacific quitclaimed the strips of land to the respondents, Daniel and Marjorie Rule.

On February 17, 1998, Galvin and C & G, Inc. brought an action against Union Pacific and the Rules to quiet title to each of the parcels. The plaintiffs alleged that Galvin's predecessors had only granted Idaho Northern an easement rather than a fee simple title in the properties. Each of the parties moved for summary judgment. After oral argument and briefing, the district court issued a memorandum opinion and order denying the motions on the basis that material questions of fact existed. The district court, upon reconsideration, however, held that the Chaney and Thomas deeds, although ambiguous, nonetheless conveyed fee simple title to Idaho Northern. The court subsequently granted summary judgment in favor of Union Pacific and the Rules. Union Pacific later submitted a request for attorney fees, which the district court denied. Galvin and C & G, Inc. appeal the district court's ruling that their predecessors conveyed a fee simple title in the properties. In addition, Union Pacific appeals the district court's denial of its request for an award of attorney fees.

## DISCUSSION

### A. Construction of the Deeds

#### 1. Standard of Review

■ Our standard of review of a lower court's interpretation of an instrument depends on whether the instrument is ambiguous. *See DeLancey v. DeLancey*, 110 Idaho 63, 65, 714 P.2d 32, 34 (1986). The question of whether an instrument is ambiguous is a question of law, over which we exercise free review. *See id.* In the absence of ambiguity, the document must be construed in its plain, ordinary and proper sense, according to the meaning derived from the plain wording of the instrument. *See Juker v. American Livestock Ins. Co.*, 102 Idaho 644, 645, 637 P.2d 792, 793 (1981). Interpretation of an ambiguous document presents a question of fact, and we will defer to the findings of the trial court so long as those findings are supported by substantial and competent evidence. *See DeLancey*, 110 Idaho at 65, 714 P.2d at 34; *Staggie v. Idaho Falls Consol. Hosps., Inc.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App.1986). Interpretation of

an unambiguous document, on the other hand, is a question of law and, therefore, a matter of free review. *See DeLancey*, 110 Idaho at 65, 714 P.2d at 34.

#### 2. The Chaney and Thomas Deeds

■ The granting and habendum clauses of the Thomas deed state that Thomas in exchange for consideration:

[D]oes grant, sell and convey unto the said Idaho Northern Railway Company, Limited, the following described piece, parcel of land, to wit: A strip, piece or parcel of land one hundred feet in width, situated in the North West quarter (NW¼) of Section seventeen (17) ...

. . .

To Have and to Hold, the said above described premises unto the said Idaho Northern Railway Company, Limited, its successors and assigns forever.

The granting and habendum language in the Chaney deed is similar to that in the Thomas deed. It recites:

[S.F. Chaney] does grant, sell and convey unto the said Idaho Northern Railway Company, Limited, the following described piece, parcel of land one hundred feet in width, situated in the West one half (W½) of the Northeast quarter (NE¼)

. . .

To have and to hold, the said above described premises unto the said Idaho Northern Railway Company, Limited, its successors and assigns forever.

However, as mentioned above, both the Thomas and Chaney deeds also contain the caption "Right of Way" on their cover sheets. Thus, the question before the Court is whether this reference to a "right of way" in the cover sheets for the deeds creates an ambiguity by implying that Thomas and Chaney intended to convey easements rather than fee simple title in the properties. If the deeds convey a fee simple interest in the property, the railroad is free to sell the land to the Rules; if, however, the deeds conveyed only an easement, then when Union Pacific abandoned its rail line the land would return to the control of Galvin, the alleged fee owner.

The district court, although granting summary judgment in favor of the Rules, concluded that the deeds in this case were ambiguous. We disagree with this conclusion, but nevertheless uphold the district court's grant of summary judgment. *Foremost Ins. Co. v. Putzier,* 102 Idaho 138, 144, 627 P.2d 317, 323 (1981). We are convinced that the deeds in this case, despite the presence of the "Right of Way" caption on the cover sheets, unambiguously conveyed a fee simple interest in the properties to the railroad.

Galvin argues initially that the language of the deeds must be construed against the railroad as the drafter of the deeds. The district court concluded, and we agree, that Idaho Northern was the likely drafter of both the Thomas and Chaney deeds.[1] Nevertheless, we believe that Galvin's argument is misplaced. Although it is true that courts have generally construed deeds against the grantor and in favor of the grantee, they have typically done so only to resolve an ambiguity in the deed. *See Wilson v. Brown,* 320 Ark. 240, 244, 897 S.W.2d 546, 548 (1995) ("The intent of the grantor should be garnered solely from the language of the deed unless the language is ambiguous, uncertain, or doubtful. If the language of the deed is ambiguous or doubtful, it should be construed against the party who prepared it."); *Clark v. CSX Transp., Inc.,* 737 N.E.2d 752, 759 (Ind.Ct.App.2000) ("Where a deed is ambiguous as to the character of the interest conveyed and the railroad was responsible for the form of the deed, we will construe the language of the deed in favor of the grantor and against the railroad.") (citing *Hefty v. All Other Members of the Certified Settlement Class,* 680 N.E.2d 843, 855 (Ind.1997)); *Messner v. Moorehead,* 787 P.2d 1270, 1272 (Okla.1990) ("In construing a conveyance, or alleged uncertainties in a deed ... [the] deed will be construed most strongly against the grantor, or the one drawing the deed, and in favor of the grantee"); *Rath v. Haycock,* 137 Or.App. 456, 462–63, 905 P.2d 854, 857 (1995) (finding little evidence of the parties' intent and therefore resorting to the "rule of con-

struction that '[w]hen there is an ambiguity in a deed, the general rule is to construe it against the grantor' ") (quoting *Verzeano v. Carpenter,* 108 Or.App. 258, 815 P.2d 1275 (1991)). As discussed below, however, we believe that there is no ambiguity present in either the Thomas or the Chaney deeds. Accordingly, we consider the language of the deeds without resort to any rule of construction.

 In interpreting a deed of conveyance, the primary goal is to seek and give effect to the real intention of the parties. *See Gardner v. Fliegel,* 92 Idaho 767, 770, 450 P.2d 990, 993 (1969); *Bumgarner v. Bumgarner,* 124 Idaho 629, 637, 862 P.2d 321, 329 (Ct.App.1993). Where a deed is ambiguous, interpretation of the grantor's intent is a question of fact determined from the instrument itself, as well as from the surrounding facts and circumstances. *See Latham v. Garner,* 105 Idaho 854, 857, 673 P.2d 1048, 1051 (1983); *Dille v. Doerr Dist. Co.,* 125 Idaho 123, 125, 867 P.2d 997, 999 (Ct.App.1993). Where a deed is unambiguous, however, the parties' intent must be ascertained from the language of the deed as a matter of law without resort to extrinsic evidence. *See id.; see also Gardner,* 92 Idaho at 770, 450 P.2d at 993 (stating that if the language of a deed is plain and unambiguous the intention of the parties must be ascertained from the deed, and parol evidence, that is, documentary, oral or real evidence extrinsic to the deed itself, is not admissible to ascertain intent); *Hines v. Hines,* 129 Idaho 847, 854, 934 P.2d 20, 27 (1997) (noting that "there is no need to resort to extrinsic evidence to interpret or modify the terms of what appears to be a clearly written document").

 In deciding whether a document is ambiguous, the Court seeks to determine whether it is "reasonably subject to conflicting interpretation." *Bondy v. Levy,* 121 Idaho 993, 996, 829 P.2d 1342, 1345 (1992). Here, the deeds recite that Thomas and Chaney each did "grant, sell and convey" their

---

1. The district court concluded and we agree that "every indication from the record is that these pre-printed deed forms were drafted by the railroad." The grantors' names are handwritten into the Thomas and Chaney deeds and Idaho Northern's name is pre-printed on the deeds' title pages as well as in their granting and habendum clauses.

"described piece, parcel of land" to Idaho Northern "[t]o have and to hold the said above described premises unto the said [Idaho Northern], its successors and assigns, forever." In examining the language of these deeds, we can discern no intention other than that of a fee simple conveyance. The deeds do not limit the use of the parcels for "railroad purposes," nor is there any mention of a "right of way" anywhere in the body of the deeds. Also notable are the deeds' use of the term "forever," which appears more consistent with the conveyance of a fee simple rather than an easement. *See Tazian v. Cline,* 686 N.E.2d 95, 101 (Ind.1997) (noting that "forever" as a temporal descriptor suggests the conveyance of a fee simple). In addition, there is no language in either of the deeds indicating that the grantors intended any type of reversionary interest in the properties such as a right of re-entry or possibility of reverter. We thus hold that the Thomas and Chaney deeds unambiguously conveyed fee simple title to Idaho Northern. To construe the deeds any other way would result in an inconsistent reading of the documents as a whole. Each deed expressly grants a parcel of property to Idaho Northern and, in spite of the presence of the term "right of way" on their cover sheets, cannot be interpreted to grant an easement. Because the deeds are straightforward and unambiguous in their recitals, they leave no room for doubt as to the intention of the grantors.

■ Our decision is consistent with the reported decisions of other courts that have considered whether a railroad deed making reference to a "right of way" conveys fee simple title or an easement. *See, e.g., Clark v. CSX Transp.,* 737 N.E.2d 752 (Ind.Ct.App. 2000); *Mississippi Cent. Railroad v. Ratcliff,* 214 Miss. 674, 59 So.2d 311 (1952); *Maberry v. Gueths,* 238 Mont. 304, 777 P.2d 1285 (1989); *State of Nebraska v. Union Pacific Railroad Co.,* 241 Neb. 675, 490 N.W.2d 461 (1992); *Brown v. State,* 130 Wash.2d 430, 924

P.2d 908 (1996); *Roeder Co. v. K & E Moving & Storage Co.,* 102 Wash.App. 49, 4 P.3d 839 (2000). Although we recognize that a conflict exists among courts as to the interpretation of deeds purporting to convey land where there is also a reference to a "right of way,"[2] where the railroad deed does not contain language about its purpose or otherwise limiting the conveyance and conveys a definite parcel of land, courts consistently hold that "the deed will be construed to convey fee simple title." *Brown,* 924 P.2d at 915; *see also Clark,* 737 N.E.2d at 758. Much of the conflict in the caselaw can be traced to the different meanings of the phrase "right of way." *See Clark,* 737 N.E.2d at 758; *Brown,* 924 P.2d at 914; *see also Joy v. St. Louis,* 138 U.S. 1, 11 S.Ct. 243, 34 L.Ed. 843 (1891); A.E. Korpela, Annot., *Deed to Railroad Company as Conveying Fee or Easement,* 6 A.L.R.3d 973, 984 (1966). On one hand "right of way" can serve "to qualify or limit the interest granted in a deed to the right to pass over a tract of land (an easement)." *Brown,* 924 P.2d at 914. On the other, the phrase can describe the parcel of land being conveyed to the railroad for the purpose of constructing its rail line. *See id.* Used in this manner, "right of way" is merely descriptive as to the use to which the land is being put and does not serve to limit or restrict the estate conveyed. Accordingly, because the words "right of way" appear only on the cover pages of the Thomas and Chaney deeds instead of being found in the granting or habendum clauses, we hold that the use of the term "right of way" on the cover sheets merely describes generally the strip of property acquired by Idaho Northern and does not express a limitation of the title to the estate conveyed.

Galvin further argues that the presence of the term "right of way" in a railroad deed usually indicates that the grantor intended to convey an easement. He cites a number of cases and other authorities for this proposi-

---

**2.** See A.E. Korpela, Annot., *Deed to Railroad Company as Conveying Fee or Easement,* 6 A.L.R.3d 973, 977 (1966) ("There appears to be considerable conflict in the cases as to the construction of deeds purporting to convey land, where there is a reference to a right of way."); 9

Thompson on Real Property, Second Thomas Edition § 82.13(c)(2) (David A. Thomas, ed. 1999) ("The cases on point are legion, and the results vary from jurisdiction to jurisdiction as the cases are very fact-sensitive, heavily dependent upon the exact language of the grant.").

tion,[3] and we are inclined to agree. What Galvin fails to note, however, is that the majority of these cases do not address the current situation involved here: where there is no mention of the term "right of way" in either the granting or habendum clause, nor any other language in the deeds that serves to limit the use of the land for the purpose of a railroad right of way. Thus, in absence of such language, the deeds fall squarely within the rule that where a deed unambiguously conveys a parcel of land and where there is no language in the deed limiting the estate conveyed or restricting the purpose of the grant, it will be seen as conveying a fee simple title. *See Brown*, 924 P.2d at 915. It has been held that while cover sheets to a deed may provide some additional evidence of the grantors' intent, they should be utilized only where the language of the deed is uncertain or doubtful, and are otherwise "not dispositive of the nature of the conveyance." *Clark*, 737 N.E.2d at 758. Such is not the case here.

Our decision is also consistent with Idaho's fee simple presumption statute, Idaho Code section 55–604. The statute provides that "[a] fee simple title is presumed to be intended to pass by a grant of real property unless it appears from the grant that a lesser estate was intended." We note that this statute was in effect at the time Thomas and Chaney conveyed their respective parcels,[4] and that similar statutes have been applied by other courts in examining whether a railroad deed conveyed a fee simple or an easement. *See Ratcliff*, 59 So.2d at 314–315; *Brown*, 924 P.2d at 912; *see also*, 74 C.J.S. *Railroads* § 84(b) (1951) ("A grant or conveyance to a railroad company which has power to acquire by purchase such real estate as may be necessary for the construction and operation of its road, and to take a fee-simple title thereto, will be held to convey a fee-simple title in

the land and not a mere easement where such appears to be the intention of the parties as gathered from the entire instrument.... *This rule is particularly applicable under a statutory provision that every estate in land conveyed shall be deemed an estate in fee simple unless limited by express words.*") (emphasis added).

■ Galvin argues that the fee simple presumption present in I.C. § 55–604 *is not triggered* because of the presence of the word "unless" in the statute. He contends that Thomas and Chaney intended to convey "lesser estates" than a fee simple. For the reasons discussed above, however, we disagree with Galvin's argument. The deeds in this case clearly and unambiguously conveyed fee simple title to Idaho Northern. The mere presence of the term "right of way" on the deeds' cover sheets does not, by itself, create an ambiguity in what are otherwise clearly worded conveyances.

Additionally, Galvin argues that the policy against the alienation of parcels of land present in the "strip and gore" doctrine trumps the fee simple presumption enumerated in I.C. § 55–604. Although this Court has tacitly recognized the existence of the "strip and gore" doctrine, it has only done so in the context of vacated alleys. *See Carney v. Heinson*, 133 Idaho 275, 985 P.2d 1137 (1999) (following the common law presumption that a conveyance of land abutting a vacated alley conveys title to the center of the alleyway unless the granting instrument or surrounding circumstances illustrate a contrary intent and therefore prevent detached strips and gores of land). We have never recognized such a policy in a railroad deed construction case and are reluctant to do so in light of the legislature's mandate in favor of conveying fee simple title. Additionally, we note that even if we were to accept Galvin's argument,

**3.** *See, e.g., Chicago Rock Island & Pacific Railroad Co. v. Olsen*, 222 Ark. 828, 262 S.W.2d 882 (1953); *Brewer & Taylor Co. v. Wall*, 299 Ark. 18, 769 S.W.2d 753 (1989); *McVey v. Unknown Shareholders*, 100 Ill.App.3d 584, 56 Ill.Dec. 135, 427 N.E.2d 215 (1981); *Consolidated Rail Corp. v. Lewellen*, 666 N.E.2d 958 (Ind.Ct.App.1996); *Estate of Rockafellow v. Lihs*, 494 N.W.2d 734 (Iowa Ct.App.1992); *City of Eunice v. Sunland Prop., Inc.*, 597 So.2d 1198 (La.Ct.App.1992);

*Chevy Chase Land Co., v. United States*, 355 Md. 110, 733 A.2d 1055 (1999); *Swan v. O'Leary*, 37 Wash.2d 533, 225 P.2d 199 (1950); *Korpela, supra*, at 977; 74 C.J.S. *Railroads* § 84(c) (1951); 65 Am.Jur.2d *Railroads* § 77 (1972).

**4.** The statute was originally enacted by the territorial legislature in 1864. *See* 1864 Idaho Sess. Laws § 43 at 528.

we could at best conclude that the two policies conflict, thus leaving the Court to again revert to the clear language of the deeds as determinative of the parties' intent. *See* 9 Thompson, *supra*, at § 82.13(e).

## B. Attorney Fees

 Union Pacific asserts that under I.C. § 12–120(3), a party should be awarded fees where there is a dispute over property ownership or easement rights relating to commercial property. Idaho Code section 12–120(3) states that attorney fees may be recovered by the prevailing party in a civil action to recover on "any commercial transaction." *Id.* The term "commercial transaction," as defined in I.C. § 12–120(3), includes all transactions except transactions for personal or household purposes. *See id.* However, this Court has previously recognized that "[a]ttorney fees are not appropriate under I.C. § 12–120(3) unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Brower v. E.I. DuPont De Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990).

The present action is primarily a dispute over whether the properties in question were conveyed in fee simple or as easements. As such, this case does not fall within the meaning of a commercial transaction as defined in I.C. § 12–120(3). The present situation is instead more analogous to situations involving the determination of property rights where this Court and the Court of Appeals have uniformly denied an award of attorney fees. *See Jerry J. Joseph C.L.U. Ins. Assoc. v. Vaught*, 117 Idaho 555, 789 P.2d 1146 (Ct.App.1990) (denying attorney fees under I.C. § 12–120(3) in an action where property owner sought a judgment compelling adjoining property owners to reimburse it for irrigation assessments, to record an instrument establishing an access easement, and to remove a fence hindering its use of the easement and where after settlement, adjoining property owners breached the settlement agreement); *Chen v. Conway*, 121 Idaho 1006, 829 P.2d 1355 (Ct.App.1991) (determining that a quiet title action involving dispute over the existence of a prescriptive easement

was not a commercial transaction under I.C. § 12–120(3)); *Durrant v. Christensen*, 117 Idaho 70, 785 P.2d 634 (1990) (holding that an action in which landowners sought adjudication of water rights and a permanent restraining order prohibiting the defendant from interfering with their diversion and use of water determined was not based on a commercial transaction as defined in I.C. § 12–120(3)); *Sun Valley Hot Springs Ranch, Inc. v. Kelsey*, 131 Idaho 657, 962 P.2d 1041 (1998) (stating that an action to determine ownership and easement rights did not fall within the meaning of a commercial transaction under I.C. 12–120(3) and therefore attorney fees were properly denied). Accordingly, we decline to award fees to Union Pacific under I.C. § 12–120(3).

 Union Pacific also requests an attorney fee award under I.C. § 12–121. The award of attorney fees pursuant to I.C. § 12–121 is not a matter of right, however, and a court should only award fees "when it is left with the abiding belief that the action was pursued, defended, or brought frivolously, unreasonably, or without foundation." *Owner–Operator Indep. Drivers Ass'n, Inc. v. PUC*, 125 Idaho 401, 408, 871 P.2d 818, 825 (1994). On the other hand, when a party pursues an action which contains fairly debatable issues, the action is not considered to be frivolous and without foundation. *Lowery v. Board of County Comm'rs*, 115 Idaho 64, 764 P.2d 431 (Ct.App.1988). Although the Court disagrees with Galvin's arguments regarding the construction of the deeds, we do not find that the action was brought frivolously, unreasonably, or without foundation. We thus decline to award fees to Union Pacific under I.C. § 12–121.

## CONCLUSION

For the above reasons, the Court affirms the district court's judgment in favor of the Rules. We additionally affirm the district court's order denying Union Pacific's attorney fee request. Costs, but not attorney fees, are awarded to the Respondents pursuant to Idaho Appellate Rule 40.

Justices SCHROEDER and KIDWELL and Judges SHINDURLING and HERNDON, pro tem, concur.