# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50028

| | |
|---|---|
| JOSHUA PALKEN and MELINA PALKEN, husband and wife, | ) ) | Filed: May 16, 2023 |
| Plaintiffs-Appellants, | ) ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| LYLE ROWAN and SHALA ROWAN, husband and wife; BRAD BLACKBURN, an individual; JOHN JACOBS and CARRIE JACOBS, husband and wife; JAMES SHAWLEY, an individual; STEVE STONEKING and IDA STONEKING, husband and wife; CHUCK BAILEY and CRYSTAL BAILEY, husband and wife; BILL STONE, an individual; DWIGHT WICKS, an individual; FREDERICK FEUERSTEIN, an individual; and EARL FIELDS and DONNA FIELDS, husband and wife, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondents-Respondents, | ) ) | |
| and | ) ) | |
| GARY JENKINS, an individual, | ) ) | |
| Defendant. | ) ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. John Judge, District Judge.

Orders denying and granting summary judgment, <u>affirmed in part, reversed in part;</u> <u>case remanded.</u>

Joshua Palken and Melina Palken, Elk City, pro se appellants.

Clark & Feeney, LLP; W. Jeremy Carr, Lewiston, for respondents John Jacobs and Carrie Jacobs, James Shawley, Steve Stoneking and Ida Stoneking, Chuck Bailey

1

and Crystal Bailey, Dwight Wicks, Frederick Feuerstein, Earl Fields and Donna Fields.

Blewett Mushlitz Hally, LLP; Jonathon D. Hally, Lewiston, for respondents Lyle Rowan and Shala Rowan and Brad Blackburn.

_____

GRATTON, Judge

Joshua Palken and Melina Palken (Palkens) appeal from the district court's orders denying their motion for summary judgment and granting the respondents' motion for summary judgment. We affirm the district court's decision to grant summary judgment against Palkens for their easement claims. We reverse the district court's judgment dismissing all of Palkens' claims due to the potential existence of a tort claim by Melina Palken against Lyle and Shala Rowan (Rowans), which was not addressed in the cross-motions for summary judgment. We remand for further proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Palkens' property is two parcels within NE 1/4 SW 1/4 and the NW 1/4 SE 1/4 of Section 27 of Township 29 North, Range 8 East of the Boise Meridian in Idaho County, Idaho. This property and the easements at issue can be traced back to 1955 when Elmer and Gladys York owned property in Sections 27, 34, and 35 of Township 29. In 1955, Elmer and Gladys York (Yorks) conveyed part of their land to W.M. Berklund, W.E. Berklund, and Curtis Berklund (Berklunds) via warranty deed in conjunction with a separate document that conveyed two easements to Berklunds over Yorks' land (York-Berklund easement document). The first easement provided access across Yorks' property within Section 27 (Section 27 easement). Rowans and Brad Blackburn now own this York property. The second easement provided access across Yorks' property in Sections 34 and 35 (Section 34 easement). All respondents, except Brad Blackburn, now own parcels within this York property.

Berklunds conveyed their real property and easement rights to Potlatch Forest, Inc. (Potlatch) in 1967. Nine years later, Potlatch conveyed its rights and interests in the Section 34 easement to the property owners within Sections 34 and 35. In 1989, Potlatch conveyed its property to Bennett Tree Farms. Bennett conveyed the property to Joseph La Faive in 2016. La Faive conveyed his property to Palkens in 2018.

2

Palkens filed a quiet title action against Potlatchdeltic Corporation; Potlatchdeltic Forest Holdings Inc.; and Potlatchdeltic Land and Lumber LLC. A default judgment was entered in favor of Palkens which decreed the easement was appurtenant to Palkens' property. None of the respondents in this present appeal were defendants in this quiet title action.

In June 2021, Palkens filed their complaint against the respondents for declaratory judgment, quiet title, injunctive relief, and damages. In December 2021, Palkens filed a motion for summary judgment, and the respondents responded with their objections. In January 2022, Rowans and Blackburn filed a motion for summary judgment; in February 2022, the remaining respondents filed a motion for summary judgment joining the Rowans' and Blackburn's summary judgment motion. Judge Fitzmaurice held a summary judgment hearing in February 2022; however, the case was reassigned to Judge Judge in April 2022, prior to any summary judgment decision. Judge Judge reviewed the pleadings, briefs, and supporting documents and listened to the recording of the oral arguments. Judge Judge then issued a written decision denying Palkens' motion for summary judgment and granting respondents' motions for summary judgment. A judgment of dismissal was entered and Palkens' entire complaint was dismissed. Palkens timely appeal.

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an

3

absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under Idaho Rule of Civil Procedure 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

> When reviewing a district court's interpretation of a deed, the standard of review "depends on whether the instrument is ambiguous." *C & G, Inc. v. Rule*, 135 Idaho 763, 765, 25 P.3d 76, 78 (2001). Whether a deed is ambiguous is a question of law, over which we exercise free review. *Id*. "Interpretation of an ambiguous document presents a question of fact, and we will defer to the findings of the trial court so long as those findings are supported by substantial and competent evidence." *Id*. However, interpretation of an unambiguous document is a question of law, and a matter of free review. *Id*.

*Ida-Therm, LLC v. Bedrock Geothermal, LLC*, 154 Idaho 6, 8, 293 P.3d 630, 632 (2012).

## III.

## ANALYSIS

Palkens argue the district court erred when it denied their motion for summary judgment and granted the respondents' motions for summary judgment. First, Palkens argue that the district court made numerous errors in its findings about the easements in Section 27 and Section 34. Next, Palkens argue the district court erred by delaying argument on their motion to compel discovery. Lastly, Palkens argue the district court erred by dismissing alleged damages claims with prejudice since tort damages were not solely predicated on the easement claims. The respondents request attorney fees and costs on appeal.

### A.    Easements

There is no dispute the easements at issue originated when Yorks sold some of their property to Berklunds and granted Berklunds two easements in 1955.[1] We will address each easement in turn.

---

[1]    All parties agree there are no genuine issues of material fact as to the creation of the easements and Palkens' claims can be addressed as a matter of law based upon the documentation in the record. Respondents Jacobs, Shawley, Stoneking, Bailey, Stone, Wicks, Feuerstein, and Fields argue there may be a genuine issue of material fact as to where the easement is located if this Court finds Palkens own valid easements.

## 1. Section 27 Easement

The district court found the language in the York-Berklund easement document unambiguously provided a two-year easement over an existing road in Section 27. The district court explained that the parties contemplated construction of a new road at which time the easement would no longer be necessary. Moreover, the grant of the Section 34 easement was labeled perpetual and the Section 27 easement had no such language. Alternatively, the district court found even if the grantor intended for the Section 27 easement to be perpetual, Palkens do not use or need the Section 27 easement for the stated purpose and therefore they do not have rights to the Section 27 easement.

Palkens argue the Section 27 easement remains in perpetuity. The respondents argue the Section 27 easement clearly terminated in 1957--two years after its creation pursuant to the easement's unambiguous language. Palkens also take issue with findings made by the district court in its alternative analysis.

When interpreting an express easement, the primary goal is to seek and give effect to the real intention of the parties. *Benninger v. Derifield*, 142 Idaho 486, 489, 129 P.3d 1235, 1238 (2006). If the plain language of the express easement is unambiguous, the intention of the parties is a matter of law. *Id.* However, if this Court finds the language is ambiguous, the parties' intent is a question of fact to be determined by the trial court. *Id.* The intent of the parties is then determined by the trier of fact based upon the language of the easement and the circumstances surrounding the transaction. *Neider v. Shaw*, 138 Idaho 503, 508, 65 P.3d 525, 530 (2003). Ambiguity may be found where the language of the easement is subject to conflicting interpretations. *Read v. Harvey*, 141 Idaho 497, 499, 112 P.3d 785, 787 (2005).

The Section 27 easement reads in relevant part:

> [F]or its benefit and advantage at all times freely to pass and re-pass with the right of ingress and egress, on foot, with animals, vehicles, loads or otherwise, through and over the land hereinafter described of [Yorks'], using, as far as practicable, the existing road, said easement beginning at the private bridge owned by [Yorks] just South of State Highway No 18 in the NE1/4SW1/4, Section 27, Township 29 N. R. 8 E. B. M., and running on the existing road to the property of [Berklunds]; [Berklunds] agree to place an adequate cattle guard just North of the said bridge; this part of this easement above set forth will terminate two (2) years from the above date [February 15, 1955].

Palkens argue the termination clause is in reference to constructing the cattle guard. They contend that rules of interpretation require applying qualifying phrases to the words or phrases

5

immediately preceding them. In this case, Palkens argue that because the cattle guard clause immediately precedes the termination clause, the termination clause is qualifying that the cattle guard clause would terminate in two years. Furthermore, Palkens argue the language, "this part of this easement," following the cattle guard phrase proves the cattle guard is part of the easement and therefore the part that terminates in two years.

Respondents argue the cattle guard clause is a contractual obligation of Berklunds, which cannot be considered part of the easement. As a result, the requirement to build the cattle guard is not the subject of "this part of this easement above" and is not the subject of the two-year termination. Furthermore, respondents argue there is no language to suggest perpetuity, especially when compared to the following paragraph, which describes the Section 34 easement as perpetual. In response, Palkens suggest the subsequent perpetual language applies to both the Section 27 and Section 34 easements.

Contrary to Palkens' belief, the semicolons separate the cattle guard clause from the easement making it a separate and independent obligation. The placement of the cattle guard obligation could have been clearer, but the conveyance and termination date remain unambiguous. As argued by the respondents, this clause is a contractual duty for Berklunds to build a cattle guard. In distinction, an express easement is a conveyed real property interest to the grantee. *Machado v. Ryan*, 153 Idaho 212, 218, 280 P.3d 715, 721 (2012). Therefore, when the document states "this part of this easement," the term easement cannot be interpreted to include a contractual obligation because it is an interest in real property. As such, the plain language clearly states the Section 27 easement would terminate in two-years. Consequently, the Section 27 easement no longer exists.

Because we agree with the district court that the York-Berklund easement document unambiguously granted a two-year easement with termination in 1957, we need not address Palkens' other arguments about the Section 27 Easement.[2]

### 2.    Section 34 Easement

The district court found Palkens do not use the Section 34 easement to access their property, but rather use the alleged easement for recreation, i.e., riding mules, an enlargement of the

---

[2]    Palkens further argue the district court erred when it found the Section 27 easement had terminated because Palkens did not need the easement; Palkens' use was an undue burden and excessive use of the easement; and the easement no longer benefited Palkens' land.

easement's stated purpose. Furthermore, the district court found Potlatch, a predecessor in interest to Palkens in chain of title, abandoned all rights and interest in the Section 34 easement in 1978.

Respondents argue Potlatch's abandonment is dispositive. In 1978, Potlatch expressly abandoned its interest to "present owners of certain property hereinafter described" with the following language:

> It is the express intent of [Potlatch] to abandon any and all right, title and interest in and to said easement for said roadway and to convey any title acquired by [Potlatch] in said Quitclaim Deed of June 30, 1967, to present owners, their heirs, successors and assigns, of the property which said road traversed.

The property to "which said road traversed" was described in Sections 34 and 35. As a result, the respondents stress not only did Potlatch abandon its interest in the Section 34 easement, the easement was conveyed to property owners of Sections 34 and 35, which does not include Palkens.[3] Palkens acknowledge Potlatch's abandonment, but contend the land conveyed to them had two separate chains of title.

Palkens argue Potlatch's abandonment affects one chain of title but the second chain of title provides Palkens the Section 34 easement. Palkens contend the second chain of title is through their predecessors, Bennett (Shearer). Bennett (Shearer) qualified as an "intended grantee" in Potlatch's quitclaim because, in 1978, Gladys York was an owner in Sections 34 and 35. Palkens argue, "Therefore [Gladys York] would also have been an '*intended grantee*' of the Potlatch quitclaim back in 1978, and passed (appurtenant) [the Section 34 easement] by operation of law on to her buyers and successors including Bennett (Shearer) and Palken."

Palkens have failed to provide sufficient evidence and authority to support their position. Palkens repeatedly reference a second chain of title but fail to provide a citation to the record that provides this second chain of title.[4] It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*.

---

3        The respondents also argue the quiet title acquired by Palkens is not enforceable in this case. Palkens acknowledge the quiet title is not binding on the respondents and describe it as a non-issue in their appellant reply brief. As a result, there is no need for this Court to address the issue.

4        Palkens cite to some deeds and tax records, none of which demonstrate how Palkens received their land in two separate chains of title. Furthermore, they cite a chart they created which is supposed to support their two separate chains of title theory.

7

Moreover, Palkens fail to provide any legal authority to support their argument. They argue the fact that a predecessor owned both their parcel of land as well as land in Sections 34 and 35 at the time of Potlatch's conveyance means their land was an intended grantee and still holds the easement appurtenant. They provide no legal citation to support this argument. A party waives an issue on appeal if either authority or argument is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

It is well established that pro se litigants are held to the same standards and rules as those represented by an attorney. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Due to the procedural inadequacies, we decline to address Palkens' argument about a second chain of title on the merits and affirm the district court's determination that the Section 34 Easement was abandoned by Palkens' predecessor in interest, Potlatch.

### 3. Mutual Reciprocity

Lastly, Palkens raise a mutual reciprocity argument in their opening appellate brief. The respondents argue Palkens failed to preserve their argument for appeal because they did not raise it below. Palkens respond by citing to different briefs they filed below where they used the term "mutual easement" or "indenture." Nonetheless, in their motion for summary judgment briefing, response to the defendants' motion for summary judgment, and the transcript from the summary judgment hearing, Palkens failed to articulate with argument and authority why the York-Berklund easement document created a mutual reciprocal easement and how that influences their claims. Merely labeling the easement a mutual easement on occasion does not raise an issue before the district court. A party preserves an issue for appeal by properly presenting the issue with argument and authority to the trial court below and noticing it for hearing *or* a party preserves an issue for appeal if the trial court issues an adverse ruling. *Terrell v. Paradis de Golf Holding, LLC*, ___ Idaho ___, ___, 527 P.3d 480, 483 (2022). Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). We, therefore, decline to address this argument.

### B. Dismissal of Damages Claims

Palkens argue that the district court erred by delaying their motion to compel and dismissing their complaint in full, including damages claims. Palkens do not argue the motion to compel was necessary for the summary judgment hearing. Instead, they argue it was necessary to prove a tort claim, upon which the damages were predicated. Palkens argue the district court

8

erroneously presumed the damages claims were solely based upon their easement claims and dismissed the whole case.

The respondents argue Palkens' damages were reliant upon the finding of an easement because their complaint alleged the respondents impeded or blocked Palkens' use of the easements. Palkens contend their damage claims were based upon wrongful tortious conduct that was broader than the easement issue.

Palkens' complaint alleged the following:

12) Respondents LYLE ROWAN and SHALA ROWAN were and are the most active of the Respondents with stated hostile intent and actions to block Plaintiff's use of PFI Road, and have in fact taken unlawful and wrongful actions; including, without limitation:  blocking or attempting to block PFI Rd; repeatedly calling in trespass allegations against Plaintiff Melina Palken, lying in wait stalking and ambushing Plaintiff Melina Palken while she attempted to use PFI Rd, wrongfully detaining and then assaulting Plaintiff Melina Palken while she attempted to use PFI Rd. The foregoing actions have caused severe emotional distress and damage to Plaintiffs, and have damaged Plaintiffs' standing and reputation by their claims of criminal trespass and other false or misleading allegations.  These actions have been malicious and intentional, including the acquisition of a vacant parcel of land adjacent to Plaintiff[s'] Property for no other purpose than to block use and to initiate hostile contact with Plaintiffs.  The damages are in excess of Ten Thousand Dollars to be proven at trial.

First, whether Palkens' asserted tort claim is properly raised or independent of their failed easement claims is not before us.  Second, reviewing the motions for summary judgment and subsequent filings, we determine that any tort claim against Rowans by Melina Palken was not at issue in the cross-motions for summary judgments.  Palkens' motion for summary judgment does not mention an assault and Melina Palken's declaration filed with the motion for summary judgment stated: "[t]he allegations in the Complaint against ROWAN with regard to damages for tortious conduct are not at issue in this Motion."  In response, in the Rowans' affidavits, they deny that they have ever harassed, stalked, intimidated, or threatened Melina.  Rowans' requested summary judgment against Palkens' cause of action for declaratory judgment and quiet title, and their supporting brief's conclusion requests summary judgment against Palkens with regard to their easement claims.  They did not request summary judgment on Palkens' tort claim for damages. Palkens' reply brief regarding motion for summary judgment and judicial notice of facts stated: "The issue of harassment, etc. and any evidence material to the tort claims against ROWANS are not at issue in this Motion."  Lastly, although not part of the motion for summary judgment filings, Palkens' brief in support of their motion to compel stated:  "The Complaint alleges a pattern of

9

wrongful conduct by [Rowans], following a series of self help actions by Rowans to block the easement. The Complaint alleges they exceeded their peaceful right to do so . . . ." Without addressing the merits, we remand the case back to the district court to address any such independent tort claim and request for damages.[5]

## C.    Attorney Fees

Respondents request an award of attorney fees. An award of attorney fees may be granted under Idaho Code § 12-121 and Idaho Appellate Rule 41 to the prevailing party and such an award is appropriate when the Court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. This appeal is about the easements. We conclude that Palkens' appeal is brought unreasonably and without legal and factual foundation. As to the 1955 easement across Section 27, we, as did the district court, hold that the easement termination is unambiguous. Palkens' argument that the termination applies only to the cattle guard is unreasonable. As to the Section 34 Easement, Palkens ignore the abandonment of the easement by Potlatch and, instead, claim a second chain of title which they fail to establish. The claim of mutual reciprocity is not preserved. Palkens do not dispute that neither easement is necessary or used for ingress and egress, only for riding mules. We award attorney fees and costs to the respondents.

## IV.

## CONCLUSION

We affirm the district court's decision granting summary judgment against Palkens on their easement claims. We reverse the district court's decision granting summary judgment against Palkens on the issue of damages and any underlying tort claim and remand for further proceedings on this issue. Costs and attorney fees are awarded to the respondents.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[5]    Because we remand the case to address Melina Palken's alleged independent tort claim, Palkens' contention it was error to delay the motion to compel is irrelevant.

10