639 P.2d 454

Dennis CLARK and George W. Clark, dba Clark Transportation, Plaintiffs-Respondents,

v.

The ST. PAUL PROPERTY AND LIABILITY INSURANCE COMPANIES dba St. Paul Fire and Marine Insurance Company; and Taber Insurance, Inc., an Idaho corporation, Defendants-Appellants.

No. 13582.

Supreme Court of Idaho.

Dec. 31, 1981.

J. Walter Sinclair of Benoit & Alexander, Twin Falls, for defendants-appellants.

John C. Hepworth of Hepworth, Nungester & Felton, Twin Falls, for plaintiffs-respondents.

---

DONALDSON, Justice.

The parties stipulated for the purpose of the declaratory judgment that the following facts were to be considered as true. On September 3, 1978, one of the plaintiff-respondent's trucks departed Buhl, Idaho with a refrigerated truckload of fresh and frozen fish owned by several producers and packers from the Magic Valley area. The destination of the truck was Los Angeles, California. On September 4, 1978, the plaintiff's driver pulled off the interstate highway and stopped his truck near a restaurant. While approaching the rear of the truck to check the tires, the driver was abducted and held captive for eight days in the trunk of a car by two unknown individuals.

During the driver's absence the refrigeration unit ran out of fuel causing the trailer to warm and subsequently spoil the fresh and frozen cargo. The cargo, valued at $65,167.18, was totally lost due to spoilage. The insurance company refused to pay the claim submitted by the plaintiff.

The plaintiff brought suit against the insurance company. The trial court held that the policy was ambiguous, and since all ambiguities are to be resolved in favor of the insured, the court allowed recovery for the insured. *Corgatelli v. Globe Life & Accident Insurance Co.*, 96 Idaho 616, 533 P.2d 737 (1975); *Abbie Uriguen Oldsmobile Buick, Inc. v. United States Fire Insurance Co.*, 95 Idaho 501, 511 P.2d 783 (1973). The insurance company appealed and the only issue before this Court is whether the insurance policy provides coverage for damage caused by the spoilage of the cargo due to the unexplained abduction of the truck driver.

▆ The trial court's finding that the contract was ambiguous is a question of law. *Watson Construction Co. v. Reppel Steel & Supply*, 123 Ariz. 138, 598 P.2d 116 (Ariz.App.1979). When presented with an issue that raises only a question of law, this Court is not bound by the findings of the trial court, but is free to draw its own conclusions from the evidence presented. *Sharp v. Hoerner Waldorf Corp.*, 584 P.2d

1298 (Mont.1978). *See Harding v. Home Investment & Savings Co.*, 49 Idaho 64, 286 P. 920 (1930).

The respondent cites *Werry v. Phillips Petroleum Co.*, 97 Idaho 130, 540 P.2d 792 (1975), for the proposition that the trial court's finding of ambiguity must be respected on appeal. However, as shown by the analysis in *Werry*, the question of an ambiguity in a contract is separate from the question concerning the interpretation of an ambiguous contract. In *Werry*, we only held that, "where the terms of a contract are ambiguous its interpretation and meaning is a fact question to be determined by the jury." *Id.* at 135, 540 P.2d at 797, *citing National Produce Distributors v. Miles & Meyer*, 75 Idaho 460, 274 P.2d 831 (1954).

▆ Therefore, following *Werry*, determining whether a contract is ambiguous is a question of law, and only if the contract is found to be ambiguous does its interpretation and meaning become a question of fact that will not be reversed if there is substantial evidence to sustain the verdict. *Eimco Corp. v. Sims*, 100 Idaho 390, 598 P.2d 538 (1979). Hence, we are free to draw our own conclusions as to whether the contract is ambiguous.

The respondent argues that the trial court was correct in its finding that an ambiguity existed because the loss that occurred in this case was neither specifically included nor excluded from the coverage provided. We do not agree. The pertinent sections state:

"7. THIS POLICY INSURES (EXCEPT AS HEREINAFTER PROVIDED) THE LIABILITY OF THE INSURED FOR DIRECT LOSS OR DAMAGE CAUSED BY:

a. Fire, lightning, and explosion;

b. Accidental collision of the vehicle with any other vehicle or object, excluding however, contact with any portion of the roadbed, curbing, rails or ties of street, steam or other railroad, any stationary object while backing for loading or unloading, and excluding any collision of the load with any object;

c. Overturning of the vehicle;

d. Collapse of bridges or culverts;

e. Flood (meaning rising of streams or navigable waters);

f. Perils of the seas, lakes, rivers or inland waters while on ferries;

g. Cyclone, tornado or windstorm, excluding loss or damage caused by hail, rain, sleet or snow whether driven by wind or not;

h. *Theft of an entire shipping package, excluding all pilferage,* and excluding all loss or damage caused by theft by any person or persons in the Insured's service or employment, whether the theft occurred during the hours of such service or employment or not. (Emphasis added.)

"8. THIS POLICY DOES NOT INSURE THE LIABILITY OF THE INSURED FOR:

a. Loss or damage to accounts, bills, deeds, evidences of debt, letters of credit, passports, documents, railroad or other tickets, notes, securities, money, currency, bullion, precious stones, jewelry and/or other similar valuables, paintings, statuary and other works of art, manuscripts, mechanical drawings;

b. Loss of market arising from delay, whether such delay be caused by a peril insured against or otherwise;

c. Damage to live animals except as follows: This Company shall be liable only for claims arising from death, or from injury rendering death immediately necessary, in consequence of perils insured against;

d. Loss or damage caused by strikers, locked-out workmen or persons taking part in labor disturbances or riots, or civil commotions;

e. War risks and nuclear risks named in the Policy to which this form is attached."

We find this policy only covers the specific risks enumerated in section seven. Section seven of the contract states that the coverage extends only to those damages caused by one of the types of losses or occurrences set out in the section. The section also states that the exclusions in section eight are only to be referred to after it is determined that the policy initially covers the loss. If the loss is not covered there is no reason for the Court to examine what particular occurrences are excluded from coverage.

■ Therefore, an ambiguity is not created because the loss caused by the abduction of the driver is not included nor excluded. Rather, the contract is clear and unambiguous because it states that the policy only covers the enumerated clauses set out in section seven. Because we find no ambiguity, a contract of insurance, like any other contract, must be construed and understood in its plain, ordinary and proper sense, according to the meaning as determined from the plain wording thereof. *Thomas v. Farm Bureau Mutual Insurance Co. of Idaho, Inc.*, 82 Idaho 314, 353 P.2d 776 (1960); *Miller v. World Insurance Co.*, 76 Idaho 355, 283 P.2d 581 (1955). Therefore, because there is no ambiguity to resolve in favor of the insured, in order to recover he must show the loss was caused by one of the eight enumerated occurrences set out in section seven.

Even if the policy is not ambiguous, the respondent argues that the "theft" covered in section seven (h) is broad enough to include the loss. The respondent states that the abduction of the driver was in essence a theft of the entire shipping package.

In order for a theft to occur certain elements must be established. When this policy was purchased by the respondent the term "theft" in Idaho was synonymous with the term "larceny." In the case of *State v. Jesser*, 95 Idaho 43, 501 P.2d 727 (1972), this Court defined the crime of larceny and stated, "The elements of the crime of larceny include the taking or fraudulent obtaining of personal property, and carrying that property away with the intent permanently to deprive the owner thereof." *Id.* at 52, 501 P.2d at 736.

In this case there was neither a taking or carrying away of the shipment nor an intent to permanently deprive the owner of the fish. Rather than depriving the respondent of the property, he was deprived of the value of the property. This does not amount to a theft. Therefore, since the parties agreed that no other sections apply, we find the respondent is not covered under the policy for the loss that occurred.

We reverse with directions to the trial court to enter judgment for the appellants.

Costs to appellants. No attorney fees on appeal.

BAKES, C. J., McFADDEN and SHEP-ARD, JJ., and McQUADE, J., Pro Tem., concur.