697 P.2d 1176

**Jack CLINE, Plaintiff-respondent, Cross Appellant,**

v.

**HOYLE & ASSOCIATES INSURANCE, INC., an Idaho corporation; and Richard W. Hoyle, Defendant-appellants, Cross Respondents.**

No. 15447.

Supreme Court of Idaho.

March 29, 1985.

Michael L. Schindele, Boise, for defendant-appellants-cross respondents.

Richard B. Eismann, Homedale, for plaintiff-respondent-cross appellant.

BAKES, Justice.

This appeal is taken from the trial court's judgment which interprets the price term contained in the contract for the purchase of an insurance agency business. The judgment is affirmed.

Appellant, Hoyle, was a commissioned insurance salesman for respondent, Cline. In May, 1979, Cline extended to Hoyle an option to purchase the "book" of insurance accounts for Cline's Boise office in which Hoyle was employed. The option purchase price was to be 1.75 times the "annual commission income" from July 1, 1978, to June 30, 1979. At the time of executing the option agreement, the purchase price was estimated to be $84,411.00, but the estimate was not stated in the option.

On July 2, 1979, buyer exercised the option to purchase and the parties executed a sale agreement containing the following price term:

"PURCHASE PRICE. The purchase price that the Buyer shall pay the Seller for said insurance business shall be computed using the following formula: By multiplying 1.75 times the annual commission income, notice and fees of the business including all renewal commission income from July 1, 1978, to June 30, 1979. Said sum as of July 2, 1979, is estimated to be in the sum of $84,411.00, and the Seller and Buyer agree to make a final adjustment in purchase price as of October 1, 1979, in accordance with the aforementioned formula, and the parties further agree to enter into, in writing, an addendum to this agreement reflecting the final and actual purchase price on or before October 1, 1979. In any event, said sum shall not be less than the sum of $84,411.00. Said sum shall be payable in the following manner and amounts, to-wit: ..."

Neither party attempted to enter into the "addendum" on or before October 1, 1979. However, buyer did pay $65,000 in several installments toward the purchase price. About one year after the purchase, the parties finally met to attempt the final adjustment, but the parties could not agree.

Seller sued to collect the balance of the $84,411 minimum purchase price plus 10% interest per annum, as provided by the contract. At trial seller attempted to prove that the formula yielded a purchase price of $90,928. Buyer attempted to prove that the minimum price stated in the contract was a mutual mistake and that the formula yielded a purchase price of $72,477. The trial court, sitting without a jury, found no mutual mistake and also found that the seller failed to prove that the price exceeded the minimum stated in the contract. Therefore, the district court granted judgment to the seller for the unpaid balance on the $84,411 minimum purchase price, plus interest of 10% per annum to the date of judgment, and interest thereafter at the rate provided by law.

Buyer assigns as error the trial court's finding that no mutual mistake existed and the trial court's interpretation of the price formula. Seller has cross appealed, also assigning as error the trial court's interpretation of the price formula.

Buyer seeks to avoid or reform the minimum purchase price stated in the contract

by alleging that the minimum price was a mutual mistake. Buyer's position is that: (1) the parties intended the formula to determine the purchase price; (2) the "estimated" and "minimum" price of $84,411 included the accounts of Demontigny Trucking and J & P Enterprises, which were billed after the formula's one-year period; and (3) therefore the price should be approximately $80,151 which is the formula price based on actual billing dates not including the two accounts billed after the one year. Seller argues that the Demontigny and J & P accounts were fully intended to be included in the purchase price since the policies were sold during the one-year period and all expenses and effort to obtain the accounts were expended by the seller's business.

■■■ A mistake must be common to both parties in order to be a basis for reformation, and this common mistake, termed "mutual", must be proved by clear and satisfactory evidence, not merely a preponderance of evidence. *See Collins v. Parkinson*, 96 Idaho 294, 527 P.2d 1252 (1974); *Ed Sparks & Sons v. Joe Campbell Constr. Co.*, 99 Idaho 139, 578 P.2d 681 (1978). A party to a contract "who makes a mistake unilaterally cannot rescind or modify the agreement absent" misrepresentation or knowledge of the mistake by the other party. *Cohen v. Merrill*, 95 Idaho 99, 104, 503 P.2d 299, 304 (1972). Ordinarily this Court will rely upon the trial court to weigh the evidence in determining whether a mutual mistake exists, since it is a factual issue. *Ed Sparks & Sons v. Joe Campbell Constr. Co., supra.* In the present case, the trial court admitted parol evidence offered by the buyer in order to attempt to prove a mutual mistake. The trial court weighed the evidence and made a factual determination that no mutual mistake had occurred. Additionally, there is evidence to support this determination based upon seller's evidence that the two accounts were intended to be included. There is no evidence that, at the time of executing the contract, the seller misrepresented the inclusion of the Demontigny and J & P accounts or that seller had knowl-

edge that the buyer misunderstood the inclusion of the accounts. All records were available to buyer, and he was very familiar with the accounts since he was a salesman for the Boise office being purchased. Therefore, the trial court's finding that the stated minimum price was not arrived at through a mutual mistake is not "clearly erroneous," I.R.C.P. 52(a), and is affirmed. Having so concluded, there is no need to discuss buyer's interpretation of the price formula which attempts to arrive at a lower price of $72,477.

We now consider seller's cross appeal which assigns as error the trial court's interpretation of the price formula. Seller argues that the term "annual commission income ... from July 1, 1978, to June 30, 1979," requires commissions to be included on all accounts which were earned or for which expenses of sales during the one year are matched, regardless of when the account policies were incepted or billed. This interpretation would require detailed accounting adjustments to remove some policy commissions and include others in the one-year period. Seller argues that, using this method, the price formula yields a purchase price of $90,928. We are not persuaded that the trial court erred.

■■■ The price formula is ambiguous as to how the policy commissions are to be accrued to the one-year period. Reasonable interpretations could be made to accrue the policy commissions based upon the dates of cash commission receipts, inception dates, billing dates, selling dates, dates of matched expenses, or some combination of these dates. Nowhere in the contract is the ambiguity clarified. The trial court properly admitted parol evidence of the circumstances surrounding the execution of the contract and the intentions of the parties. The evidence shows that when the parties first estimated the purchase price they did so mainly on the basis of the policy billing dates. Based upon the evidence, the trial court made a factual determination that the parties intended the price formula to be calculated "on an accrual

basis and generally as of the date items are in fact invoiced, charged or taken into account in the ordinary course of business." We find no error in the trial court's interpretation which was based upon substantial and competent evidence. The trial court further held that the seller "failed to establish by the evidence that the purchase price is more than the minimum price of $84,411.00." We affirm that holding.

The judgment of the trial court is affirmed. Costs to respondent. No attorney fees.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.